[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10371

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHI-YOUNG LAMAR SHARPER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:23-cr-00036-HL-TQL-1

————————————————

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Shi-Young Sharper appeals his conviction for possessing a firearm as an individual previously convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g)(1). He argues that the government did not present sufficient evidence to sustain his conviction. He also asserts that his conviction under § 922(g)(1) violates the Second Amendment. For the reasons below, we reject both contentions and affirm Sharper's conviction.

## I

We first consider Sharper's argument that the government did not present sufficient evidence that Sharper knew, at the time he possessed the firearm, that he had a previous conviction punishable by more than one year in prison. We review de novo Sharper's challenge to the sufficiency of the evidence and to the district court's denial of his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015). We will uphold the district court's denial of a Rule 29 motion for a judgment of acquittal if a reasonable trier of fact could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016). We view all facts in the light most favorable to the government. *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016). We will not

overturn a jury's verdict if there is any reasonable construction of the evidence that would have allowed the jury to convict. *Id.* at 1294.

Section 922(g)(1) makes it a crime for any person convicted of a "crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). To justify a conviction under § 922(g)(1), the government must prove that the defendant was an individual with such a conviction, that he knowingly possessed a firearm, and that the firearm was in or affected interstate commerce. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

We have held that the fact that "a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular status and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020). As we explained, a defendant who knows of his status but not that his status prohibits him from possessing a firearm is mistaken about the law, which is not a defense. *Id.*

The government's burden in proving a defendant's knowledge of his status is not onerous, and knowledge can be inferred from circumstantial evidence. *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020). In *Bates*, for example, we explained that a jury could infer the defendant's knowledge of his status as someone barred from firearm possession under § 922(g)(1) from, among other evidence, his failure to object or express confusion about the

government's assertion that he was a felon in his plea hearing and at sentencing. *Id.* Meanwhile, in *United States v. Innocent*, we identified other circumstantial evidence that may be probative of a defendant's knowledge of his status—including the defendant having multiple prior felony convictions, serving multiple years in prison pursuant to a prior conviction, fleeing when police approach, and dropping a firearm into someone else's vehicle. *See* 977 F.3d 1077, 1083–84 (11th Cir. 2020).

Here, the district court did not err in denying Sharper's motion for a judgment of acquittal because, although Sharper did not sign the certified copy of his felony conviction, the government presented sufficient additional evidence for a reasonable jury to find beyond a reasonable doubt that, when he possessed the firearm, he knew he was an individual with a prior conviction that barred him from possessing a firearm under § 922(g)(1). The evidence showed that Sharper accelerated away from the attempted traffic stop while driving with a firearm in the driver's side door pocket, fled on foot after crashing his vehicle, and stated that someone else was driving once apprehended, all of which suggested that he knew both that he was violating the law at the time and should not have been proximate to the firearm. Sharper also did not protest when the arresting officer identified him as a convicted felon and informed him that he would be charged with possession of a firearm by a convicted felon. Instead, he conceded that he could understand why he was to be charged as a convicted felon. Taken together, this evidence allowed a reasonable jury to conclude that

24-10371              Opinion of the Court                    5

Sharper knew of his status.  *See Bates*, 960 F.3d at 1296; *Innocent*, 977 F.3d at 1083–84.  We reject Sharper's argument to the contrary.

## II

We next address Sharper's assertion that his conviction under § 922(g)(1) violates the Second Amendment.[1]  "Challenges to the constitutionality of a statute are reviewed *de novo*."  *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010).  As we explain below, our precedent forecloses Sharper's Second Amendment challenge to § 922(g)(1).

The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In *District of Columbia v. Heller*, the Supreme Court considered a Second Amendment challenge to a Washington, D.C. law that barred the private possession of handguns in homes.  554 U.S. 570, 574–75 (2008).  After considering both the text and history of the Second Amendment, the Court concluded that it granted an individual a right to keep and bear arms, and held that the D.C. law infringed that right.  *Id*. at 595, 635.  At the same time, the Court acknowledged that the Second Amendment right is "not unlimited," emphasizing that "nothing in [its] opinion should be taken to

---

[1] Sharper purports to challenge § 922(g)(1) both facially and as applied to his conviction.  But he has abandoned his as-applied argument because he fails to explain how the particular circumstances of his conviction render the statute unconstitutional as applied to him.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  We therefore consider only the facial challenge.

cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill"—restrictions that the Court deemed "presumptively lawful." *Id*. at 626–27 & n.26.

After *Heller*, we considered, and rejected, a constitutional challenge to § 922(g)(1)'s prohibition on firearm possession by individuals with a conviction punishable by more than one year in prison. *See Rozier*, 598 F.3d 768 at 770–71. "[T]he first question" under *Heller*, we explained, was "whether one is *qualified* to possess a firearm." *Id*. at 770. We observed that *Heller*'s clarification that it did not cast doubt on prohibitions on felon firearm possession "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id*. at 771. We also noted that *Heller* recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id*. (citation modified). We rejected the appellant's argument that these statements from *Heller* were mere dicta. *Id*. at 771 n.6. Instead, we reasoned that (1) to the extent that the statements "limit[ed] the Court's opinion to possession of firearms by *law-abiding* and *qualified* individuals," they were necessary to the decision reached; and (2) even if the statements were superfluous to *Heller*'s central holding, we would still afford them "considerable weight," as dicta from the Supreme Court is not to be lightly ignored. *Id*. Therefore, we held that § 922(g)(1) was a constitutional means of restricting the Second Amendment rights of individuals with convictions punishable by more than one year in prison. *Id*. at 771.

24-10371                Opinion of the Court                7

Several years later, the Supreme Court in *New York State Rifle & Pistol Association v. Bruen* considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See* 597 U.S. 1, 11–13 (2022). The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id*. at 10. The Court explained that, to determine whether a restriction on firearms is constitutional, courts must begin by asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id*. at 17. If the regulation does cover such conduct, the court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 19. *Bruen* also emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id*. at 39 (applying "*Heller*'s text-and-history standard" to the challenged statute). And, like *Heller*, *Bruen* described Second Amendment rights as extending to "law-abiding, responsible citizens . . . for self-defense." *Id*. at 26 (citation modified).

Then, in *United States v. Rahimi*, the Supreme Court considered a Second Amendment challenge to § 922(g)(8), the federal statute that prohibits an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that he represents a credible threat to the safety of an intimate partner, a child of that partner, or individual. 602 U.S. 680, 684–85 (2024). The Court held that this firearm

restriction was constitutional. *Id.* at 693. It also, once again, stated that the prohibitions on "the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626–27 & n.26).

More recently, we held that neither *Bruen* nor *Rahimi* abrogated "our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *United States v. Dubois*, 139 F.4th 887, 889 (11th Cir. 2025) (*Dubois III*).[2] As we explained, because "the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions," and because the *Bruen* Court stated "that its holding was in keeping with *Heller*," "*Bruen* could not have clearly abrogated our precedent upholding section 922(g)(1)." *Id.* at 893 (citation modified). That was especially so because "*Rozier* upheld section 922(g)(1) on the threshold ground that felons are categorically disqualified from exercising their Second Amendment right under *Heller*"—*not* based on the means-end balancing that *Bruen* rejected. *Id.* (citation modified). And the same was true for *Rahimi*: After all, "[t]he only time that the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* (citation modified); *see Rahimi*, 602 U.S. at 699.

---

[2] We handed down our decision in *Dubois III* after the Supreme Court granted certiorari in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) *(Dubois I)* and vacated and remanded the case to us for further consideration in light of *Rahimi*. *See Dubois v. United States*, 145 S. Ct. 1041 (2025) (*Dubois II*).

24-10371          Opinion of the Court          9

In sum, Sharper's Second Amendment challenge to § 922(g)(1) is foreclosed by *Rozier*—a decision that neither *Bruen* nor *Rahimi* abrogated.  We therefore reject it.

★  ★  ★

Because there was enough evidence for a reasonable jury to conclude that Sharper knew about his status as someone with a prior conviction punishable by more than one year in prison, and because Sharper's constitutional challenge fails under our precedent, we **AFFIRM** his conviction under § 922(g)(1).

**AFFIRMED.**